IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ACC HEALTH, LLC; DENTRUST
NEW MEXICO, P.C.; and DOCS MSO, LLC,

      Plaintiffs,

v.                                                    CV 16-546 WPL/SCY

LOST CREEK HOLDINGS, LLC;
ALL-STAR HEALTH SOLUTIONS;
DIANE TOMLINSON; ABBEY
TOMLINSON; LAUREN TOMLINSON;
NATALI LUDI; ERIN MARTIN; and
MEGAN FREELS,

      Defendants.

**ORDER TO AMEND NOTICE OF REMOVAL**

      Federal courts have a duty to determine *sua sponte* whether subject matter jurisdiction exists. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Having reviewed and considered the Notice of Removal, the record, the applicable law, and being otherwise fully advised in the matter, I conclude that the Notice fails to allege the facts of citizenship necessary to sustain diversity jurisdiction. Specifically, the Notice fails to allege the citizenship of each and every member of Plaintiff ACC Health, LLC, Plaintiff DOCS MSO, LLC, and Defendant Lost Creek Holdings, LLC. Defendants will file an amended notice of removal no later than July 1, 2016, if the necessary jurisdictional allegations can be made in compliance with Rule 11 of the Federal Rules of Civil Procedure.

      On June 9, 2016, Defendants filed their Notice of Removal under 28 U.S.C. § 1332. (Doc. 1.) The Notice asserts that there is complete diversity of citizenship between the Plaintiffs

and the Defendants and that the amount in controversy exceeds $75,000. (*Id.* at 2.) Defendants provided no new jurisdictional facts, beyond those contained in the Complaint. The Complaint includes no allegation about the citizenship of the members of the entity parties. (*See* Doc. 1-1.)

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petro. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporate and in which it maintains its principal place of business. *See* § 1332(c).[1] Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of every state of which any of its members is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Here, the facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of the entity parties because they are silent on the citizenship of their members.

---

[1] A professional corporation is treated like any other corporation for purposes of determining citizenship. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739-743 (7th Cir. 2004).

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by the amendment of the notice. *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the control statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." 390 F.2d at 301 (footnotes omitted).

Accordingly, I will give Defendants the opportunity to file an amended notice of removal to properly allege the citizenship of each and every member of Plaintiff ACC Health, LLC, Plaintiff DOCS MSO, LLC, and Defendant Lost Creek Holdings, LLC, at the time the Complaint was filed. *See Siloam Springs*, 781 F.3d at 1239 (holding that "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint").

Defendants shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with Rule 11, no later than July 1, 2016. If such an amended notice is not filed by July 1, 2016, this case may be dismissed without prejudice.

IT IS SO ORDERED.

                                                  _____
                                                  William P. Lynch
                                                  United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.