IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ACC HEALTH, LLC; DENTRUST
NEW MEXICO, P.C.; and DOCS MSO, LLC,

      Plaintiffs,

v.                                                     CV 16-546 WPL/SCY

LOST CREEK HOLDINGS, LLC;
ALL-STAR HEALTH SOLUTIONS;
DIANE TOMLINSON; ABBEY
TOMLINSON; LAUREN TOMLINSON;
NATALI LUDI; ERIN MARTIN; and
MEGAN FREELS,

      Defendants.

**SECOND ORDER TO AMEND NOTICE OF REMOVAL**

Pursuant to the Court's duty to sua sponte determine whether subject matter jurisdiction exists, *see Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), I previously ordered the Defendants to file an amended notice of removal to allege the citizenship of each and every member of Plaintiff ACC Health, LLC, Plaintiff DOCS MSO, LLC, and Defendant Lost Creek Holdings, LLC (Doc. 5). Defendants timely amended their notice of removal. (Doc. 7.) The Amended Notice, however, still fails to adequately allege the citizenship of each and every member of the LLCs. (*Id.* at 2.) Therefore, I order the Defendants to file a second amended notice of removal no later than July 1, 2016, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

Defendants filed their Notice of Removal on June 9, 2016, under 28 U.S.C. § 1332, asserting that there is complete diversity of citizenship and that the amount in controversy

exceeds $75,000. (Doc. 1 at 2.) In support of its claim of diversity of citizenship, Defendants referred to the Complaint. The Complaint does not allege the membership of the LLCs or the citizenship of those members, but does state the State of organization for each LLC. (*See* Doc. 1-1.) Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of every state of which any of its members is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Based on this deficiency, I ordered the Defendants to amend their Notice of Removal and to allege the citizenship of the members for the three LLCs.

The Defendants filed an Amended Notice of Removal, alleging the State of organization for each of the LLCs and the citizenship for each of the individual defendants. (Doc. 7 at 2.) The Defendants again did not allege the membership of the LLCs or the citizenship of those members.

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporate and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).[1] As previously stated, LLCs are considered citizens of every state in which any of its members are citizens. *Siloam Springs Hotel*, 781 F.3d at 1234. Here, the facts set forth in the Amended Notice of Removal do not sufficiently establish the citizenship of the LLCs because they are silent on the citizenship of their members.

Accordingly, I will give Defendants the opportunity to file a second amended notice of removal to properly allege the citizenship of each and every member of Plaintiff ACC Health,

---

[1] A professional corporation is treated like any other corporation for purposes of determining citizenship. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739-743 (7th Cir. 2004).

LLC, Plaintiff DOCS MSO, LLC, and Defendant Lost Creek Holdings, LLC, at the time the Complaint was filed. *See Siloam Springs*, 781 F.3d at 1239 (holding that "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint").

Defendants shall file the Second Amended Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with Rule 11, no later than July 1, 2016. If such an amended notice is not filed by July 1, 2016, this case may be dismissed without prejudice.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.