IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ACC HEALTH, LLC, DENTRUST NEW
MEXICO, P.C., and DOCS MSO, LLC,

      Plaintiffs,

vs.              Civ. No. 16-546 JCH/SCY

LOST CREEK HOLDINGS, LLC,
ALL-STAR HEALTH SOLUTIONS, DIANE
TOMLINSON, ABBEY TOMLINSON,
LAUREN TOMLINSON, NATALI LUDI,
ERIN MARTIN, and MEGAN FREELS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion for Order of Remand and Award of Attorney Fees* [Doc. 23]. As the case has already been remanded, the sole issue before the Court is whether to award Plaintiffs attorney's fees based on Defendants' improper removal of the case to this Court. Because the Court concludes that Defendants lacked an objectively reasonable basis to remove the case, the motion will be granted and Plaintiffs may file their detailed motion for attorney's fees.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2016, Plaintiffs filed their Complaint [Doc. 1-1] in the Second Judicial District Court, County of Bernalillo, New Mexico. On May 10, 2016, the Defendants received service, and on June 9, 2016, the Defendants removed the case to this federal district court. [Doc. 1]. In their Notice of Removal, Defendants averred in conclusory fashion that this Court had

jurisdiction over the case under 28 U.S.C. § 1332 "because there is complete diversity between the Plaintiffs and Defendants" and because the jurisdictional amount was satisfied. Doc. 1 at ¶ 5. The Defendants' Notice of Removal contained no allegations of the citizenship of any of the Plaintiffs or Defendants. Similarly, the Plaintiffs' complaint contained no allegations regarding the citizenship of any party.

On June 10, 2016—one day after removal—the then presiding judge entered an Order to Amend Notice of Removal [Doc. 5]. The order stated that Defendants' notice "fail[ed] to allege the facts of citizenship necessary to sustain diversity jurisdiction. Specifically, the Notice fails to allege the citizenship of each and every member of Plaintiff ACC Health, LLC, Plaintiff DOCS MSO, LLC, and Defendant Lost Creek Holdings, LLC." Doc. 5 at 1. The presiding judge explained that limited liability companies, such as Plaintiffs, are considered citizens of every state of which any of its members is a citizen, and cited authority in support of that principle. *Id*. at 2. The order directed the Defendants to file an amended notice of removal containing the necessary jurisdictional allegations, if such allegations could be made in compliance with Rule 11, no later than July 1, 2016.

On June 14, 2016, Defendants filed their Amended Notice of Removal [Doc. 7]. However, this document failed to comply with the Court's order. Specifically, Defendants appear to have ignored the Court's directive that they identify the state of citizenship of every member of each LLC that is a party in the case. Instead, Defendants merely listed the states in which each LLC had been organized or is registered to do business. Doc. 7 at ¶ 5. At this point, the presiding judge would have been justified in remanding the case to state district court for lack of subject matter jurisdiction. Instead, the court generously offered Defendants a second opportunity to properly plead diversity. On June 15, the presiding judge entered a Second Order to Amend

Notice of Removal [Doc. 8]. Once again, the court spelled out for Defendants the law regarding citizenship of limited liability companies and directed them to file a Second Amended Notice of Removal, if they were able to do so under Rule 11, no later than July 1, 2016. Doc. 8 at 2-3.

However, Defendants still did not amend their Notice of Removal to contain the necessary jurisdictional facts as required by the court. Instead, on June 15, 2016, their counsel wrote to Plaintiffs' counsel stating that information regarding the citizenship of the individual members of LLCs was not publicly available and asking Plaintiffs to provide not only that information, but also "the ownership structure of all Plaintiffs and [] their relationship to one another." Doc 27-3. In addition, Defendants served the Plaintiffs with interrogatories and requests for production aimed at discovering jurisdictional facts to support the Notice of Removal—the identities of the members of the Plaintiff LLCs and their respective states of citizenship. *See* Doc. 10 and Doc. 27-4. Because the parties had not yet conducted a Rule 26(f) "meet and confer," in accordance with the Local Rules Plaintiffs refused to engage in discovery. Doc. 27-5. However, on June 30, 2016, Plaintiffs' counsel informed Defendants' counsel by telephone and email that a member of ACC Health, LLC—Matt Walter—was a citizen of Ohio. Doc. 27-2. As some of the Defendants were citizens of Ohio as well, complete diversity of citizenship was lacking.

On July 1, 2016, Defendants filed their Notice of Withdrawal of Notice of Removal [Doc. 15], which they said was "based solely on representations by Plaintiffs that Matt Walter is a present member of Plaintiff ACC Health LLC and is a resident of and domiciled in Ohio, thereby destroying complete diversity between the parties . . ." Doc. 15. On July 6, 2016, the case was transferred to the undersigned United States District Judge. Doc. 17. On July 7, 2016, based on the Notice of Withdrawal of Notice of Removal, the Court's chambers sent an email to

all counsel asked the parties to file a stipulated motion and order of remand. The correspondence between the parties thereafter demonstrates their inability to agree on a form of motion and order. Doc. 31-1. Accordingly, on July 21, Plaintiffs filed their own Motion for Order of Remand and Award of Attorney Fees [Doc. 23], a portion of which is currently before the Court. On August 2, 2016, the Court remanded the case to state district court via a form of order to which the parties stipulated. Doc. 25. Thereafter, the parties continued briefing the issue of attorney's fees for improper removal. *See* Docs. 27-29, 31.

## **LEGAL STANDARD**

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999). Under 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). Diversity between the parties must be complete. *See Caterpillar Inc. v. Lewis*, 519 U.S. at 68, 117 S.Ct. 467; *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

The Tenth Circuit has held that "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that the citizenship of a limited partnership is determined by the citizenship of each of its partners, both general and limited). *See also Conagra Foods, Inc. v. Americold Logistics*, LLC, 776 F.3d 1175, 1181 (10th

Cir. 2015) (holding that when a trust is party to litigation, the citizenship of the trust is derived from all the trust's "members.").

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Under 28 U.S.C. § 1447(c), "[a]n order remanding may require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal." In deciding whether to award costs, "the key factor is the propriety of defendant's removal." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997). The court need not find that the defendant removed the state court action in bad faith; the court may award attorneys' fees if it finds that the defendant lacked "objectively reasonable grounds to believe removal was proper." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1145 (10th Cir. 2004). The court has wide discretion in this matter. *Id*.

## **DISCUSSION**

The Court concludes that there is no evidence in the record to show that Defendants possessed objectively reasonable grounds to believe that at the time of removal there was complete diversity among the parties such that removal was proper. Defendants have provided

the Court with no evidence to show that prior to removal, they identified the members of every LLC and made an effort to determine the citizenship of each such, as is required when determining whether LLCs are diverse.[1] That Defendants lacked objectively reasonable grounds to remove is confirmed by their actions after removal. Their original Notice of Removal contained no allegations regarding the citizenship of the members of the LLC parties, and when the Court directed Defendants to amend their notice to add that information (to the extent they were able within the bounds of Rule 11), they did not do so. Instead, they made further conclusory allegations that did not meet the requirements of the Court's order. Only after the Court ordered Defendants to amend their notice of removal a second time did Defendants seem to notice that citizenship of the individual members of the LLC was relevant. At that time, Defendants could have acknowledged that they lacked any reasonable basis to assert the complete diversity of the parties, and they could have moved to remand. Instead, Defendants demanded information regarding LLC membership and citizenship from the Plaintiffs. This is improper. As the removing parties, Defendants carried the burden to ensure that this Court had subject matter jurisdiction *before* filing a notice of removal. That did not happen here. And, when Plaintiffs and the Court alerted Defendants to the issue, they did not acknowledge the problem but rather protracted the dispute.

---

[1] In their response [Doc. 27], Defendants contend that an Affidavit of Defendant Diane Tomlinson demonstrates that Defendants had a reasonable belief that there was complete diversity among the members of the various LLCs that are parties in this case. According to that response brief [Doc. 27 at 2], Ms. Tomlinson's affidavit makes various statements about Matt Walters and Lawrence Caplan, including their ownership interests in various entities. The brief also states that Ms. Tomlinson's affidavit discusses corporate acquisitions, payrolls, and structures. However, a review of that affidavit [Doc. 27-1] reveals that it contains none of this information. Indeed, it contains no information relevant to the question of whether Defendants had a reasonable basis to remove this case prior to June 9, 2016.

Accordingly, an attorney's fee award is warranted in this case. Plaintiffs must file their motion for attorney's fees, including supporting affidavits and billing documentation, no later than September 1, 2017.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Order of Remand and Award of Attorney Fees* [Doc. 23] is **GRANTED**, and Plaintiffs may file their motion for fees no later than September 1, 2017.

_____
**UNITED STATES DISTRICT JUDGE**