IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ACC HEALTH, LLC, DENTRUST NEW
MEXICO, P.C., and DOCS MSO, LLC,

        Plaintiffs,

vs.                                                  Civ. No.  16-546 JCH/SCY

LOST CREEK HOLDINGS, LLC,
ALL-STAR HEALTH SOLUTIONS, DIANE
TOMLINSON, ABBEY TOMLINSON,
LAUREN TOMLINSON, NATALI LUDI,
ERIN MARTIN, and MEGAN FREELS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Plaintiff's Detailed Petition for Attorney Fees* [Doc. 36]. The Court having previously determined that Plaintiffs are entitled to recover attorney's fees as a result of Defendants' improper removal, the sole issue now before the Court is the amount of fees to be awarded to Plaintiffs.

**LEGAL STANDARD**

To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-65 (1986); *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990). The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *See Hensley*, 461 U.S. at 433; *Phelps v. Hamilton*,

120 F.3d 1126, 1131 (10th Cir. 1997). The setting of a reasonable hourly rate is within the district court's discretion. *Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir. 1994). Hourly rates must reflect the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. at 895, 104 S.Ct. at 1547. Unless the subject of the litigation is "so unusual or requires such special skills" that only an out-of-state lawyer possesses, "the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). *See also Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006). If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1257 (10th Cir. 1998). A district judge may consider his or her "own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 39 F.3d 1482, 1493 (10th Cir. 1994) (internal quotation marks omitted).

## **DISCUSSION**

Plaintiffs have requested $5,605.17 in attorney's fees for their work in obtaining the remand of this case and in filing their motion for fees, as well as an additional $433.26 incurred in reading Defendants' response brief and preparing Plaintiffs' reply brief, for a total of $6,038.43 in fees. Defendants, in turn, do not dispute that the hourly rate charged by Plaintiff's counsel is reasonable, nor do they contend that the number of hours he spent on the matter is excessive. Rather, Defendants contend that the Court should award Plaintiffs no more than $4,007.56, which is the amount that Plaintiffs' counsel offered to accept in settlement of the fee dispute.

Both sides of this dispute have attached their correspondence relating to their attempt to come to an agreement on the amount of attorney's fees to be awarded. That correspondence reveals that on September 6, 2017, Plaintiffs' counsel sent Defendants' counsel a late night offer to settle for $4,007.56, conditioned on acceptance by noon the following day, September 7, 2017. On the morning of September 7, 2017, at 8:46 a.m., Defendants' counsel noted receipt of the offer, but noted that he doubted he could respond by noon that day. Approximately two hours later, at 10:59 a.m., Plaintiffs' counsel replied, reminding defense counsel that the offer would be withdrawn at noon. At 11:55 a.m., Defendants' counsel counteroffered by asking for another 24 hours to consider Plaintiffs' proposed settlement amount. There is no evidence that this request was accepted. Rather, it appears that the original offer expired at noon and at 5:16 p.m. on September 7, 2017, Plaintiffs made another counter offer to settle for $5,605.17. This offer, apparently, also was not accepted by Defendants. Therefore, it does not appear that there was any valid offer and acceptance between the parties that led to an enforceable agreement about the amount of fees to be awarded to Plaintiffs.

Defendants argue, however, that Plaintiffs did not negotiate settlement of the fee dispute in good faith. They contend that Defendants granted Plaintiffs an extension of time in which to file their motion for fees in exchange for Plaintiffs putting forth a timely offer of settlement no later than September 5, 2017. Defendants contend that Plaintiffs—who presented them with a last-minute offer—did not hold up their end of that bargain, and the penalty for that should be limiting Plaintiffs to the $4,007.56 settlement amount they finally did offer late in the day on September 6, 2017. The Court declines to credit this argument. First, Defendants have come forward with no evidence of this alleged lack of good faith. Defendants have placed no evidence in the record—no email, letter, or affidavit of counsel—to support the unsworn statements in

their brief regarding this bargain. Second, Defendants have failed to provide any legal authority that would support cutting Plaintiffs' fees in this way as a penalty for their failure to provide the Defendants with a timely offer of settlement.

Having reviewed the Plaintiffs' motion for attorney's fees, the Court concludes that the number of hours billed by attorney Trent A. Howell, the hourly rate he charged ($250.00), and total request of $6,038.43 in attorney's fees are reasonable.

**IT IS THEREFORE ORDERED** that *Plaintiff's Detailed Petition for Attorney Fees* [Doc. 36] is **GRANTED**, and Defendants must pay attorney's fees to Plaintiffs in the amount of $6,038.43 within 21 days of entry of this Memorandum Opinion and Order.

_____
**UNITED STATES DISTRICT JUDGE**